326 So.2d 882 (1976)
Earl R. ANDRUS, Plaintiff-Appellant,
v.
Robert L. ANDRUS, Defendant-Appellee.
No. 5379.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1976.
*883 Mansour & Davis, by Carl J. Aymond, Jr., Alexandria, for plaintiff-appellant.
Preston N. Aucoin, Ville Platte, for defendant-appellee.
Before MILLER, WATSON and CUTRER, JJ.
WATSON, Judge.
In this suit for foreclosure on a note and mortgage, plaintiff appeals from a trial court judgment rejecting foreclosure on the ground that plaintiff had granted an extension to defendant.
Plaintiff, Earl R. Andrus, sold two tracts of land located in Evangeline Parish, Louisiana, to defendant, Robert L. Andrus, on August 10, 1973. Defendant paid $3,000 as down payment and gave a promissory note for the balance of $60,800 secured by a mortgage on the property. The note was payable over a period of thirty years in annual installments plus interest. At the time the note and mortgage were given, the parties executed a side agreement setting payments at $225.00 per month, plus an annual payment of the yearly balance due on principal and interest.
Defendant made his payments each month until November 11, 1974, when certain disputed events occurred. According to defendant, he went to plaintiff's office and explained that he was unable to pay the annual balance of about $4,000 because his crop was late; plaintiff told him not to worry about the fact that he could not pay, since it would only cost him a "little extra" in interest. In a second conversation, defendant testified, the plaintiff set the date of December 9, 1974 as the date for payment. Plaintiff maintains that defendant came to his office, said he could not pay the $4,000 and wanted to deed the property back to plaintiff.
Both agree that defendant gave plaintiff a check for $225.00, the amount, of the monthly payment. Plaintiff contends the $225.00 was in the nature of rent to allow defendant to remain on the premises until he could move his belongings, while defendant contends it was a payment on the note. The plaintiff's wife (now divorced) admitted that she prepared the check of November 11, 1974 which defendant signed and that she had put "For payment on farm" on it. (TR. 141).
Plaintiff then contacted his lawyer and instructed him to prepare a deed to transfer the property from defendant back to plaintiff.
Defendant did not go to the lawyer's office to sign the deed, and denies that he had agreed to do so.
On December 6, 1974, defendant mailed plaintiff a check for $4,025.00. Plaintiff refused to accept it and returned it by registered mail to defendant.
Plaintiff undertook to proceed by executory process to foreclose on the note and mortgage. For reasons that are not relevant to this appeal, the matter was converted to ordinary process and tried on the merits.
*884 The trial court concluded that plaintiff had granted defendant an extension of time within which to make his payment. The brief reasons for judgment are quoted, in pertinent part, as follows:

* * * * * *
"The defense is that an extension of time was granted by plaintiff to the defendant and that an attempt to make payment was made within the extension granted, but that plaintiff then refused to accept payment, and he has indeed refused to accept any other payment although the disputed payment was made and subsequent monthly payments made in accordance with the contract.
"The question is simply whether or not an extension was granted. The Court is firmly convinced that an extension of time was granted by the plaintiff to the defendant, and that defendant attempted to make payment during the extended period. Accordingly plaintiff's suit should be dismissed at his costs." (TR. 49)
The only issue presented on appeal is whether plaintiff granted defendant an extension of time for payment of the note. There is no dispute between the parties as to the applicable law. The rule is well-settled that an extension of time may be granted for payment of a note or an installment thereof; the burden to prove the extension is on the obligor; and there must be a lawful cause (LSA-C.C. art. 1893) for the postponement. The promise to pay additional interest is a valid and lawful cause. See Emblem, Inc. v. Picolo, 123 So.2d 799 (La.App. 4 Cir. 1960).
The trial court resolved the questions of credibility in favor of defendant and against plaintiff. He concluded that an extension had been granted.
The trial court had the opportunity to see and hear the witnesses and, in the absence of manifest error, his determinations of fact should be affirmed. We have examined the record and we find no manifest error. Therefore, the judgment of the trial court is affirmed.
Costs are taxed against plaintiff-appellant.

Affirmed.