STEWART, Judge.
Defendant, Rita Drake (Drake), appeals the trial court’s sustaining of plaintiff’s, First National Bank of Commerce (FNBC), motion for summary judgment. On appeal, Drake contends the trial court erred by finding that FNBC had presented proper documentation sufficient to warrant the granting of FNBC’s motion for summary judgment. We affirm.
*2 FACTS
On June 22, 1990, FNBC filed suit against James Houston (Houston), Drake’s former husband, and Drake to recover an indebtedness of $2,122.39 owed on a revolving Visa charge account plus interest, attorney’s fees and costs. FNBC filed a request for admission of facts along with the petition pursuant to LSA-C.C.P. Art. 1466.
On May 14, 1991, Drake filed an answer through counsel and on May 16, 1991, Houston filed an answer in proper person on behalf of Drake and himself. However, neither Drake nor Houston answered the request for admission of facts. On May 28,1991, FNBC filed a motion for summary judgment supported by affidavit against Drake. Service of the motion for summary judgment was made on Drake through her counsel of record. The motion was set for hearing on June 17, 1991. Drake and her attorney failed to appear at the hearing and the court granted FNBC’s motion for summary judgment. Drake appeals.
DISCUSSION
The sole issue presented is whether, based on the pleadings, affidavits, and other evidence filed by the parties pursuant to FNBC’s motion for summary judgment, a genuine issue of material fact was presented and whether the mover is entitled to a judgment as a matter of law.
A motion for summary judgment pursuant to LSA-C.C.P. Art. 966 should be granted if and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981); Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law based on the facts before the court is a summary judgment warranted. Thornhill v. Black, Sivalls & Bryson, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), cert. denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt will be resolved against the granting of summary judgment and in favor of a trial on the merits. Thornhill v. Black, Sivalls & Bryson, Inc., supra; Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). When a motion for summary judgment is made and supported by affidavits and other receivable proof, an adverse party may not rest on the mere allegations of his pleadings, but his response, by affidavits or other receivable evidence must set forth specific facts showing that there is a genuine issue for trial. If he fails to do so, summary judgment is appropriate and shall be rendered against him. LSA-C.C.P. Art. 965; Compton v. Crown Zellerbach Corp., 246 So.2d 397 (La.App. 1st Cir.1971), writ denied, 247 So.2d 862 (La.1971); Mexican Gulf Fisheries Inc. v. Aetna Insurance Co., 220 So.2d 141 (La.App. 1st Cir.1969); and Joiner v. Lenee, 213 So.2d 136 (La.App. 3d Cir.1968), writ denied, 215 So.2d 129 (La.1968).
In the instant case, Drake contends that the trial court erred in sustaining FNBC’s motion for summary judgment because of FNBC’s failure to present sufficient documentation to warrant granting the motion for summary judgment. Drake cites McCary, Inc. v. Price, 391 So.2d 921 (La.App.2d Cir.1980) in support of the reversal of the trial court judgment.
In McCary, this court held that a default judgment on an open account would be set aside where plaintiff’s petition contained no reference to items of merchandise sold or nature of services rendered or dates of such sale and dates services were rendered or amounts charged for them. McCary is distinguishable from the instant case in that McCary involved a default judgment rather than a summary judgment entered after Drake filed an answer.
Our review of the record indicates that FNBC submitted copies of billing state- *3 merits that were sent to Houston and a sworn affidavit of the correctness of account by Robert Ledet, Recovery Analyst for FNBC, verifying the $2,122.89 due on account number 4625070-014-009-773 in support of the motion for summary judgment. The billing statements presented to the trial court detailed the Visa charges and purchases made by defendants from which the affidavit was prepared. Additionally, FNBC introduced a copy of the October 7, 1977 agreement signed by both Drake and Houston as authorized users of the joint account. The agreement further provided, “[i]f you are opening a joint account both of you will be bound and each of you will be liable on the account."
Drake produced no counter-affidavits or other evidence to contradict the proof offered by FNBC or to show that there is a genuine issue of material fact. Therefore, because Drake failed to offer counter-affidavits or show that there is a genuine issue of material fact, the trial court’s sustaining of FNBC’s motion for summary judgment was proper. Accordingly, reasonable minds could conclude based on the facts and evidence that FNBC was entitled to judgment as a matter of law.
Drake also contends that the trial court erred in granting FNBC’s motion for summary judgment because the caption of the motion failed to contain her name as defendant.
In our review of the record, we find that Drake’s name was omitted from the caption of the motion, however, this omission does not require the reversal of the trial court judgment because the body of the petition and the motion for summary judgment filed by FNBC named Drake as a defendant. Drake makes no showing that she was mislead. No objection to the omission was made to the trial court thus the error was not only harmless but waived. Darby v. Guastella Construction Co., 278 So.2d 565 (La.App. 4th Cir.1973), writ denied, 281 So.2d 754 (La.1973).
Drake further contends that the trial court erred in granting the motion for summary judgment because she alleged an affirmative defense in her answer and FNBC in it’s memorandum in support of the motion averred no affirmative defenses were raised by Drake. Although Drake’s answer raises an affirmative defense, Drake and her attorney failed to appear at trial on the motion or otherwise respond to FNBC’s affidavit in support of the motion. Instead, Drake relied solely on her pleading which was insufficient to defeat the motion for summary judgment.
The record indicates that Drake filed an answer on May 14, 1991, in which she alleged that the community property regime between her and Houston was terminated on August 12, 1988. However, our review of the billing statements shows that the last purchase was made in July 1988 and the community property regime was still in existence between Houston and Drake. Moreover, Drake signed the Acceptance Certificate evidencing that she would be bound by the Bankcard Agreement and Disclosure and that she, along with Houston, would be liable on the account.
Further, Drake contends that the trial court erred in granting the motion for summary judgment because Houston assumed liability for all community debts including the revolving Visa account. In support of her contention, Drake attached to her brief an affidavit from Houston which indicated he assumed liability for all community debt. However, the affidavit was not presented to the trial court and may not be considered by this court. Tranum v. Hebert, 581 So.2d 1023, 1027 (La.App. 1st Cir.1991), writ denied, 584 So.2d 1169 (La.1991). This assignment of error is without merit.
CONCLUSION
For the reasons expressed, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.