hMARVIN, Chief Judge.
Edith Henderson appeals a judgment on a promissory note, contending that the plaintiff credit union (Wesla) failed in several respects to meet its burden of proof.
Henderson filed a general denial, alleged she had “affirmative defenses” and offsets without specifying them other than to assert that after the last extension of the note alleged by Wesla, Wesla, without notice to her, “turned her over [sic] to various credit reporting agencies which caused extensive damage to her credit in violation of a contract with Wesla.”
We affirm.
DISCUSSION
A special services representative of Wesla, Audrey Juergens, testified about the monthly installment payments on the note in question being past due as of specific dates and the amount of principal and interest due and accrued from specific dates. On cross-examination, the representative acknowledged that the extension agreements of the note that were alleged by Wesla were contained in the Wesla file in her possession. Juergens identified the note but explained that she did not witness Henderson’s signing of either the note or the extension agreements.
Henderson presented no evidence, but objected to the introduction of the note into evidence, arguing there and here that her general denial and assertion that she had “affirmative defenses” and “reconventional demands” that she would allege in both the *693 city court and the district court required Wesla to prove her signature.
^Because of the absence of a specific denial that her signature was genuine or a specific affirmative defense, the trial court rendered judgment in favor of Wesla.
On appeal, Henderson additionally argues that the trial court erred in finding that Wesla carried its burden of proof that the debt was due, considering that Henderson proved an extension of the note had been executed. She asserts that once she had shown the promissory note in question had been extended, Wesla then had to prove that she was in default under the terms of the extension agreements. Henderson states that because Wesla did not put on any evidence that she had defaulted on any payment due under the extension agreements, Wesla failed to sustain its burden of proof. We disagree. •
This is not a case in which the existence of extension agreements first came to light at the trial and east doubt upon Henderson’s default on the note. Juergens’s testimony at trial was not inconsistent with either Wesla’s petition or Henderson’s assertions or allegations about the extension agreement(s) which, in fact, were attached to Wesla’s petition with the note.
Under the provisions of LRS 10:1— 201(20), Wesla was the “holder” of a negotiable instrument, the promissory note in question, as extended by the agreement or agreements on which Henderson relies. LRS 10:3-308(b), formerly LRS 10:3-307(2), provides that if the validity of Henderson’s signature was either admitted or proved, Wesla was entitled to enforce payment unless Henderson proved a defense or claim in re-coupment. See American Bank v. Saxena, 553 So.2d 836 (La.1989).
hPretermitting for the moment the question of whether the validity of the signature was admitted or proved, we hold that Henderson did not establish any other defense. The undisputed existence of extension agreements did not establish a defense that the note was not yet payable. Considering the note’s October 1985 execution date, the note’s three-year term, and the petition’s March 1989 filing date, the note was past due on its face from October 1988. Furthermore, Juergens testified that the note was past due at the time suit was filed, for the months of October 1988 to February 1989. The mere fact that extension agreements were executed after the execution of the note, without more, in no way establishes either that Henderson was not in default of her payments or that the note was not past due when Wesla filed suit. Because of this circumstance, the cases of Andrus v. Andrus, 326 So.2d 882 (La.App. 3d Cir.1976), and Graves v. Porterfield, 555 So.2d 595 (La.App. 1st Cir.1989), relied upon by appellant, are easily distinguished and have no bearing on this appeal.
We also find no merit in Henderson’s remaining argument that her general denial of the five paragraphs of Wesla’s petition was sufficient to constitute the specific denial of the authenticity of her signature required under the provisions of LRS 10:3-308(a), formerly LRS 10:3-307(1). Under both the current and former statutory provisions, unless specifically denied in the pleadings, signatures on an instrument are admitted.
Moreover, under both the present and former statutory provisions, even if a signature is specifically denied in the pleadings, the signature still is presumed to be authentic and authorized, unless the action is to enforce the | liability of the purported signer and the signer is dead or has become incompetent.
The 1990 Uniform Commercial Code comment to Section 3-308 explains the provisions of that section in pertinent part as follows:
The purpose of the requirement of a specific denial in the pleadings is to give the plaintiff notice of the defendant’s claim of forgery or lack of authority as to the particular signature, and to afford the plaintiff an opportunity to investigate and obtain evidence.
* * * * * *
The question of the burden of establishing the signature arises only when it has been put in issue by specific denial. “Burden of *694 Establishing” is defined in Section 1-201. The burden is on the party claiming under the signature, but the signature is presumed to be authentic and authorized except as stated in the second sentence of subsection (a). “Presumed” is defined in Section 1-201 and means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid. The presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon, and normally any evidence is in the control of, or more accessible to, the defendant. The defendant is therefore required to make some sufficient showing of the grounds for the denial before the plaintiff is required to introduce evidence.
We find that the notice contemplated by a specific denial in the pleadings, and required by law, was not given in this case by Henderson’s one-sentence, general denial of the allegations contained in paragraphs one through five of Wesla’s petition. Such a general denial did not give Wesla notice of a claim of forgery or lack of genuineness of the signature, thereby affording Wesla an opportunity to investigate and obtain evidence on this subject. See Pierce v. Thompson, 468 So.2d 1379 (La.App. 1st Cir.1985).
15Even if the general denial could be considered a specific denial, the signature is still legally presumed to be authentic and authorized, requiring Henderson to introduce some evidence which would overcome the presumption and support a finding that her signature was forged or unauthorized. Likewise, we cannot agree with Henderson’s argument in brief that Wesla was not entitled to the presumption because it failed to present evidence that she was either alive or competent. Henderson’s answer to Wesla’s petition begins by stating:
NOW INTO COURT, comes and appears EDITH L. HENDERSON, who denies all the allegations of the Petition for Balance Due on Promissory Note except for those facts specifically admitted herein.
At the beginning of the trial on the merits, Henderson’s counsel addressed the court stating that he was present representing Henderson. If Henderson were dead or incompetent, she could not have answered Wesla’s petition through her attorney, nor could counsel have represented her at the trial on the merits. A mental incompetent has no procedural capacity to be sued; a curator appointed by a court of this state is the proper defendant in an action to enforce an obligation against a mental incompetent or an interdict. CCP Art. 733. Similarly, the succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration, CCP Art. 734. Neither Henderson’s answer, nor any actions taken by her attorney before or at the trial on the merits, suggested that Henderson was either deceased or incompetent. Under these circumstances, Wesla would be entitled to the presumption of Section 3-308, even if Henderson had 16specifically denied her signature. Henderson’s argument concerning her signature is without merit.
DECREE
At appellant’s cost the judgment is AFFIRMED.