IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30268
Summary Calendar
_____


COLLATERAL FINANCE INCORPORATED,

Plaintiff-Appellee,

versus

VERNA PRESTON GREEN, ET AL.,

Defendants,

VERNA PRESTON GREEN AND
EUGENE GREEN, JR.,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 92-CV-1851
- - - - - - - - - -
January 5, 1998

Before DUHÉ, DEMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants Verna Preston Green and Eugene Green, Jr., appeal the district court's grant of summary judgment in favor of the FDIC in this suit to recover payment on eight promissory notes. The Greens argue that the district court's grant of summary judgment in favor of the FDIC was erroneous because there was a genuine issue of material fact regarding the interest calculation on the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

promissory notes; the date of last payment on the notes; and the authenticity of Eugene Green, Jr.'s signature on five of the notes.

Inasmuch as the Greens provided the interest rates and principal amount due in their proposed judgment, they cannot be heard to complain on appeal that the district court used the incorrect interest rate. See Sierra Club v. Yeutter, 926 F.2d 429, 438 (5th Cir. 1991)(It is a "cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by [a] party"(internal quotations and citation omitted)); Tel-Phonic Services, Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992)("A party will not be heard to appeal the propriety of an order to which it agreed.") Moreover, the appropriate time for the Greens to have challenged the FDIC's interest calculations and to have obtained the necessary information to prepare a proposed judgment was before he submitted his proposed judgment. See Brotherhood of Ry., Airline, and S.S. Clerks, Freight Handlers, Express & Station Employees v. St. Louis Southwestern Ry. Co., 676 F.2d 132, 140 (5th Cir. 1982) ("A defeated litigant cannot set aside a judgment because of his failure to interpose a defense that could have been presented at trial, or because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." (internal quotations and citation omitted)).

Further, the Greens have admitted to the authenticity of, and the authority to make the signatures on the promissory notes by failing to specifically deny such in their answer; therefore, there was no material fact question on this issue. See La. R.S. 10:3-

308(a); see also Wesla Federal Credit Union v. Henderson, 655 So. 2d 691, 693 (La. App. 1995).

We have reviewed the record and the parties briefs and AFFIRM the district court's judgment for essentially the same reasons set forth by the district court.  FDIC v. Green, 92-CV-1851 (W.D. La. Aug. 1, 1994).  Further, the FDIC's motion to substitute Collateral Finance, Inc., as plaintiff-appellee in this action is hereby GRANTED.

AFFIRMED; Motion to Substitute Parties GRANTED.