954 So.2d 346 (2007)
Dennis C. FORDHAM, et ux., Plaintiffs-Appellants
v.
NISSAN NORTH AMERICA, et al., Defendants-Appellees.
No. 41,987-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2007.
Culpepper & Carroll, PLLC by Bobby L. Culpepper, Jonesboro, for Appellants.
Cook, Yancey, King & Galloway, by Kenneth Mascagni, Michael K. Leachman, Shreveport, for Appellee, Jackson Parish Police Jury.
Samuel T. Singer, Winnsboro, for Appellee, Town of Jonesboro.
McCranie, Sistrunk, Anzelmo, Hardy, Maxwell, & McDaniel by Lance B. Williams, Metairie, for Appellee, Nissan North America, Inc.
Before STEWART, MOORE, and LOLLEY, JJ.
LOLLEY, J:
Dennis C. Fordham and Elinor Durr Fordham appeal a judgment of the Second Judicial District Court, Parish of Jackson, State of Louisiana, which granted the motion for summary judgment filed by the Jackson Parish Police Jury. For the following reasons, we affirm the trial court's judgment.

FACTS
On July 1, 2002, Dennis Fordham was operating a vehicle manufactured by Nissan when he was involved in a one-car accident on Gansville Road in Jackson Parish, Louisiana. As the record reflects, Fordham was proceeding southerly on *347 Gansville Road, when he crossed the centerline of the roadway into the lane of oncoming traffic, then he veered off the eastern side of the roadway to the left. He lost control of the vehicle when he left the paved roadway, then he re-entered the road, yawing to the left and then sharply to the right. His vehicle then commenced to slide down the road and flipped over.
Fordham ultimately filed suit against the Jackson Parish Police Jury (the "Police Jury"), alleging that his damages were due to the defective condition of Gansville Road.[1] In response, the Police Jury filed its motion for summary judgment arguing that: (1) it did not have notice of any alleged defect on the roadway; (2) the roadway did not present an unreasonable risk of harm; and, (3) the roadway did not cause the accident. Along with its motion, the Police Jury filed the affidavits of the investigating officer, the road maintenance supervisor, and an accident reconstruction and roadway design expert. After considering the Police Jury's motion and the opposition filed by Fordham, the trial court entered judgment granting the Police Jury's motion for summary judgment and dismissing Fordham's claims against the Police Jury with prejudice.[2] Fordham appeals that judgment.

DISCUSSION
On appeal, Fordham argues generally that the trial court erred in granting the Police Jury's motion for summary judgment. Fordham urges that the western side of the roadway contained a drop-off of sufficient depth so as to make the road unreasonably dangerous and the Police Jury did nothing about it. He maintains that there exist contested issues of fact, which can only be resolved at a trial of the matter. We disagree.
Appellate courts review summary judgments de novo using the same criteria that govern a district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs. of Louisiana State University, 591 So.2d 342 (La.1991); Costello v. Hardy, XXXX-XXXX (La.01/21/04), 864 So.2d 129. A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App.2d Cir.01/25/06), 920 So.2d 355.
The burden of proof is on the movant. If, as in this case, the moving party will not bear the burden of proof at trial on the matter before the court on the motion and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the non-moving party must come forward with factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Williams v. Shoney's, Inc., XXXX-XXXX (La.App. 1st Cir.03/31/00), 764 So.2d 1021.
In claims such as this, the law is clear. No person shall have a cause of *348 action against a public entity for damages caused by the condition of things within its care and custody unless such entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. La. R.S. 9:2800. In order to recover against a public entity for damages due to road defects, the plaintiff must prove by a preponderance of evidence: (1) the thing that caused the damages was in the defendant's custody; (2) the thing was defective due to a condition that created an unreasonable risk of harm; (3) the defendant possessed actual or constructive notice of the defect, yet did not take corrective action within a reasonable period of time; and, (4) the defect was a cause-in-fact of plaintiff's harm. Johnson v. City of Bastrop, 41,240 (La.App.2d Cir.08/01/06), 936 So.2d 292, citing, Jones v. Hawkins, XXXX-XXXX (La.03/19/99), 731 So.2d 216. Here, Fordham is unable to demonstrate that the alleged defect (i.e. the drop-off on the western shoulder of Gansville Road) was a cause-in-fact of his harm.
The Police Jury offered several affidavits in order to show an absence of factual support for Fordham's claim. In response, Fordham failed to show that the alleged defect on the western edge of the roadway was the cause-in-fact of his harmone of the elements necessary to succeed in his claim against the Police Jury. Primarily, we note that even if there was a defect to the western shoulder of the roadway as Fordham alleges, this defect was not a cause-in-fact of Fordham's claim. This is clearly evidenced by the affidavit of Deputy Cody Cheatwood, a deputy with the Jackson Parish Sheriff's Office.
Deputy Cheatwood was dispatched to the accident and investigated the scene. His description of the accident is the most complete. He averred that upon arriving at the scene, he inspected the location of the collision and "identified the position of the yaw marks, gouge marks, scrape marks and other features showing the path" of Fordham's vehicle. According to Dep. Cheatwood:
[i]t was clear that the Fordham vehicle was proceeding south on Gansville Road and crossed into the oncoming lane of travel and departed the roadway to the left or to the east. Yaw marks on the east side or shoulder of Gansville Road show where the vehicle departed the roadway surface. The east shoulder was basically level with the roadway surface where the Fordham vehicle departed the road and where it reentered the roadway. (Emphasis added).
Deputy Cheatwood further stated that:
. . . the vehicle then reentered the Gansville Road, with marks showing where it reentered the road. The marks also showed that the rear of the vehicle then slide [sic] around to the right. The rear tire or tires departed the right hand side or western side of Gansville Road with the vehicle sliding sideways (with the vehicle pointing in an easterly or southeasterly direction and moving in a southerly direction). There was a very slight difference (approximately an inch or less) between the shoulder and the roadway surface where the Fordham vehicle departed the west side of the road. (Emphasis added).
Additionally, the Policy Jury offered the affidavit of Richard Robertson, a civil engineer, who had been previously recognized as an expert in roadway design, traffic engineering, and accident reconstruction. In connection with his investigation of the accident, he reviewed all the materials related to the accident, as well as inspecting the accident scene. He noted that it was clear from all available data that Fordham crossed the road's centerline into the lane *349 of oncoming traffic and crossed onto the shoulder on the eastern side of the road. Robertson opined that the roadway was not responsible for this initial action by Fordham, and that the shoulder on the eastern side of the roadway contained no defects.
Fordham claims that the defect in the roadway was on the western side and that defect caused him to lose control of his vehicle. However, the Police Jury's affidavits make clear that Fordham lost control of his vehicle when he crossed the center line onto the oncoming lane of traffic-for no explainable reason other than his own steering error.[3] It is evident that the claimed defect on the western side of the roadway, whether it existed or not, was not the cause-in-fact of Fordham's harm. He offered no evidence that a roadway defect caused him initially to lose control of his vehicle or that a roadway defect existed on the eastern shoulder of Gansville Road, where he first left the roadway. Nor did Fordham offer any evidence of a defect in the roadway that caused his vehicle to slide across the roadway until he left it again-this final time on the western side. Only at this point in time does Fordham claim that the roadway was defective, and the only proof to be offered by Fordham are merely his self-serving allegations and photographs purporting to depict a drop-off. We agree with the Police Jury that Fordham's claims of a defect to the western shoulder of the roadway are immaterial when the series of events are considered. Fordham failed to demonstrate that he would be able to meet his burden of proof as required under La. C.C.P. art. 966(C)(2). Considering that Fordham failed to make such a showing, the trial court properly granted summary judgment in favor of the Police Jury.
The Police Jury further submits that summary judgment was properly granted for another reason, arguing that Fordham also failed to render any evidence indicating that the Police Jury possessed actual or constructive notice of the alleged roadway defect and did not take corrective action within a reasonable period of. However, considering our conclusion herein, the Police Jury's knowledge of an alleged defect on the western shoulder of the roadway is immaterial. Thus, because that issue is moot, it need not be addressed herein.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the Jackson Parish Policy Jury's motion for summary judgment is affirmed. Costs of this appeal are assessed to Dennis C. Fordham and Elinor Durr Fordham.
AFFIRMED.
NOTES
[1] He also named Nissan of North America as a defendant. It is not a party to this appeal. Fordham's wife, Elinor, was also a plaintiff in the suit.
[2] The trial court dismissed Elinor Fordham's claims as well; however, she is not referred to in this appeal.
[3] Fordham does have claims against the manufacturer of his vehicle, Nissan, asserting that some unknown mechanical defect caused his accident. That issue is not before this court on appeal, and we are not addressing or deciding that issue herein.