972 So.2d 1172 (2007)
JPMORGAN CHASE BANK, N.A., Plaintiff-Appellee
v.
Hersy JONES, Jr. and Cheynita Delphine Woodson-Jones, Defendants-Appellants.
No. 42,396-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
Hersy Jones, Jr., in Proper Person.
Love, Rigby, Dehan & McDaniel by Hani E. Dehan, Shreveport, for Appellant, Cheynita D. Woodson-Jones.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, by L. David Cromwell, Joseph S. Woodley, Shreveport, for Appellee.
Before WILLIAMS, STEWART and LOLLEY, JJ.
LOLLEY, J.
Hersy Jones, Jr., appearing pro se, appeals the judgment of the First Judicial District Court, Parish of Caddo, State Of Louisiana, granting summary judgment in favor of JPMorgan Chase Bank, N.A. For the following reasons, we affirm.

FACTS
On October 26, 2001, Hersy Jones, Jr. and Cheynita Delphine Woodson-Jones executed a promissory note in favor of Premier Bank, National Association, in the original principal sum of $113,192.42. The note had a final maturity of November 10, 2006, and interest prior to default at the rate of seven and one-quarter percent (7.25%) per annum until paid. The note also provided that the Joneses would pay all attorneys' fees, as well as any court and collections costs actually incurred by the holder. Subsequently, Premier Bank changed its name to Bank One, Louisiana, N.A., which then merged into Bank One, N.A., and which, finally, merged into JPMorgan Chase Bank, N.A., the plaintiff/appellee herein ("Chase Bank").
On March 10, 2005, the note went into default due to nonpayment. As of September 19, 2005, the note, after crediting all payments made, had an unpaid balance of 2,851.53 in principal, late fees in the amount of $407.87, other fees of $50.00, and interest accrued through September 19, 2005, in the amount of $3,164.00. Further, interest continued to accrue at the rate of 7.25% per annum or $16.46 per day. As a result of the Joneses' default, Chase Bank filed suit seeking judgment from the defendants on the unpaid balance of the promissory note, as well as recognition *1173 of the pledge of a collateral mortgage note also executed by the defendants and its corresponding mortgage of immovable property. The defendants filed separate answers to Chase Bank's petition both in the form of a general denial. Subsequently, Chase Bank filed a motion for summary judgment, which was supported by an affidavit by John W. Thornton, a vice-president with Chase Bank who was responsible for the loan and had personal knowledge of it. In Thornton's affidavit, he confirmed that the note was in default and the amount due. Hersy Jones filed an opposition to the motion, but offered no countervailing affidavit or other evidence. The trial court granted Chase Bank's motion for summary judgment, and this appeal by Hersy Jones ensued.[1]

DISCUSSION
Jones is not appealing the trial court's ruling that Chase Batik was entitled to judgment on the issue that he was in default on the loanhe accepts that portion of the ruling. However, he disputes the correctness of the judgment regarding the amount due as a result of his default, specifically attacking the sufficiency of Thornton's affidavit to prove the amount due. Jones maintains that Chase Bank failed to file into the record a statement of account or an amortization schedule showing a history of his loan that would have, he claims, established the correctness of the amount due. According to Jones, the failure to include such necessary proof of the amount owed creates a genuine issue of material fact, making summary judgment on this issue improper. We disagree.
Appellate courts review summary judgment de novo, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Shelton, v. Standard/700 Associates, XXXX-XXXX (La.10/16/01), 798 So.2d 60; Fordham v. Nissan North America, 41,987 (La.App.2d Cir.04/04/07), 954 So.2d 346. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). The procedure is favored under Louisiana law and shall be construed to accomplish these ends. Id.
The burden of proof on a motion for summary judgment remains with the movant, in this case, Chase Bank. La. C.C.P. art. 966(C)(2). Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). As provided in La. C.C.P. art. 967(B), Jones may not rest on the mere allegations of his pleading in response to a properly made and supported motion for summary judgment; rather his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).
Here, Jones disputes the suitability of Thornton's affidavit to prove the amount of his outstanding debt to Chase Bank. Initially, we note that Chase Bank clearly proved in its motion for summary judgment that. (1) the note was in default, (2) the authenticity of the signatures on the note, and (3) that it was entitled to enforce the notefacts which Jones does not dispute. Next, we observe that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such *1174 facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967(A). We determine that the affidavit offered by Chase Bank to support its motion for summary judgment is sufficient to prove its case against Jones. Here, Thornton stated that as a bank officer with Chase Bank he was responsible for and had knowledge of the Joneses' loan account. In said capacity, Thornton averred to the amount owed, but Jones argues that his sworn statement is inadequate to prove the amount due. However, Jones fails to offer any specific facts to show that Thornton's statements as to the amount owed are incorrect or unreliable. Jones simply failed to show that there was indeed a genuine issue for trial on the amount due. Interestingly, Jones does not dispute that he is in default on the loan, which is another fact averred to by Thornton. So considering, we conclude that summary judgment was properly granted in favor of Chase Bank, and this assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the summary judgment in favor of JPMorgan Chase Bank, N.A. is affirmed. All costs of this appeal are assessed to Hersy Jones, Jr.
AFFIRMED.
NOTES
[1] Cheynita Delphine Woodson-Jones answered the original petition, but does not appeal the trial court's judgment.