MOORE, J.
hJoy Carleta Ellis and Darrel DeWayne Walters, pro se, appeal a summary judgment ordering them to pay the balance due on a promissory note and recognizing a mortgage on their real property. We affirm.

Factual and Procedural Background

In July 1997, the Walterses took out a home equity loan from Hibernia National Bank. They executed an “Equity Prime-line” note for $50,000 at an APR of 8.5% (the first six months at 6.99%), payable in 120 monthly installments of $50.00 each, a balloon payment for the balance due upon maturity, and attorney fees of 25% if the account is terminated or the balance accelerated. At the same time, they executed a home equity mortgage encumbering their house, Lot 3, Willow Point Townhouses Unit # 3, subject to a maximum indebtedness of $1 million.
In June 2009, Capital One N.A. filed this suit to collect the balance due on the note and for recognition of the mortgage. The petition alleged that Capital One was formerly known as Hibernia National Bank; the Walterses had executed the equity primeline; as of February 10, 2009, they still owed $18,603.24, plus accrued interest of $1,355.50, late charges of $362.18, and 25% of the principal plus interest as attorney fees. The petition also sought recognition that the money judgment was secured by the home equity mortgage affecting the property.
Darrel Walters filed a pro se affidavit alleging that Capital One was a “debt collector” to which he had sent a notice of dispute, in accordance with a private administrative remedy, but Capital One never provided him a certified proof of claim; he therefore considered the debt extinguished and 12discharged. He also requested damages of $1.5 million, but he never filed a reconventional demand.
Apparently unaware of this affidavit, Capital One took a preliminary default which it confirmed on August 10, 2009. Joy Walters responded with her own “affidavit to extinguish and discharge notice of judgment.”
Over a year later, in November 2010, Capital One filed the instant motion for summary judgment, conceding that because Darrel Walters’s affidavit could be construed as an answer, the default judgment was granted in error. Capital One therefore sought summary judgment for the same relief: the unpaid balance of $18,603.24, accrued interest of $1,355.50, late charges of $362.18, “collectible fees” of *974 $25.00, attorney fees of 25% of principal and interest, and recognition of the mortgage. In support, it attached an affidavit and verification of debt from Susan Bellin-ski, Capital One’s “Collections Lead,” confirming these amounts, and a certified copy of the mortgage.
The Walterses responded with a pro se memorandum, alleging chiefly that the default judgment was absolutely null. They also argued that because the default was null, the court could not simply “ratify” it by summary judgment. However, they attached no affidavits, depositions or certified documents in opposition.
At the hearing on April 18, 2011, Capital One’s counsel offered certified copies of the note and mortgage, along with Ms. Bellinski’s affidavit, and prayed for summary judgment. Joy Walters complained that service of the preliminary default was defective, but the court advised her Rthat because they had filed responsive pleadings, insufficiency of service was waived. The Walterses offered no summary judgment evidence in opposition, and the court granted Capital One’s motion as prayed for.

The Parties’ Positions

The Walterses have appealed, pro se, urging by one assignment of error that summary judgment was improper because “questions of material fact exist as revealed in the timely answer to the law suit.” They contend that (1) “Exhibit ‘A’ (In Globo)” proved their answer was timely; (2) they “contested whether or not the debt legally existed [at] the point in time Capital One N.A. filed suit”; (3) they contested “whether or not Darrel Walters’s signature legally appears on any document purporting to be for purposes of advancing credit on his property.” By supplemental brief, they restate the genuine issues as follows: (1) Darrel Walters did not make a loan or establish a line of credit with Capital One N.A.; (2) the signature which is purported to be that of Darrel Walters is in fact not that of Darrel Walters; (3) the property described in the judgment is not the correct property address alleged to be that of Joy Walters who may have a debt with Capital One N.A.; and (4) the property description is not correct. They also assert, “The record is void of any attempt by the District Court to remedy the fact that Joy Walters (the main defendant) was not present in court for the summary judgment hearing.” They strongly urge this court to read their pro se filings indulgently, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and pray for a “full evidentiary hearing on the merits.”
14 Capital One submits that the Walterses failed to identify or provide evidence of any genuine issue of material fact, but raised only “vague and unsubstantiated arguments.” It suggests that certified copies of the note and mortgage, with the affidavit of correctness, are sufficient to support the summary judgment. JPMorgan Chase Bank NA v. Jones, 42,396 (La.App. 2 Cir. 12/5/07), 972 So.2d 1172. With the motion made and supported, the burden shifted to the Walterses to set forth specific facts showing a genuine issue for trial, but they merely rested on the allegations and denials of their pleadings. La. C.C.P. art. 967 B. As both the note and mortgage are notarized, the court should not have to guess whether Darrel Walters’s signature “legally appears” on either. Capital One also argues that the numerous uncertified documents attached to the Walterses’ earlier affidavits show only that they demanded 32 different “proof of claims,” and not that the debt was extinguished. Capital One seeks affir-mance.

Discussion

A motion for summary judgment is a procedural device used when there is no *975 genuine issue of material fact for all or part of the relief sought by a litigant. Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The mover need not negate every essential element of the opponent’s claim, action or defense; he need only point out the absence of factual support for |sone or more essential elements. La. C.C.P. art. 966 C(l).. If the opponent then fails to produce support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2); Babin v. Winn-Dixie La., 2000-0078 (La.6/30/00), 764 So.2d 37; Citibank (South Dakota) NA v. Mayo, 45,945 (La.App. 2 Cir. 1/26/11), 58 So.3d 960. An adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or other appropriate summary judgment evidence, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967 B; Samaha v. Rau, supra; Brooks v. Transamerica Financial Advisors, 45,833 (La.App. 2 Cir. 2/2/11), 57 So.3d 1153.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein; sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. La. C.C.P. art. 967 A; Samaha v. Rau, supra.
Appellate review of summary judgment is de novo, using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Sensebe v. Canal Indem. Co., 2010-0703 (La.1/28/11), 58 So.3d 441; Citibank (South Dakota) NA v. Mayo, supra.
On de novo review, we find that Capital One supported its motion for summary judgment with the original “equity primeline” (promissory note) and a certified copy of the home equity mortgage, both attached to the 1 (¡original petition, and the affidavit and verification of debt of its collection agent, Ms. Bellinski, attached to the motion for summary judgment. This kind of evidence has repeatedly been found sufficient to support the lender’s motion for summary judgment. JPMorgan Chase Bank NA v. Jones, supra; Sears, Roebuck & Co. v. Richardson, 32,951 (La.App. 2 Cir. 4/5/00), 759 So.2d 190; First Nat’l Bank of Commerce v. Houston, 605 So.2d 1 (La.App. 2 Cir.1992). With this showing, the burden shifted to the Walterses to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial. La. C.C.P. art. 967 C(2).
Even with an indulgent reading of the Walterses’ pleadings, this court cannot find that they satisfied their burden. True, Darrel Walters’s initial affidavit, which the district court construed as an answer, and their memorandum in opposition to the motion for summary judgment, both contested the petition on various grounds. However, these raise only conclusory claims. Neither one is supported by the kind of documentation required by Art. 966 B — no depositions, answers to interrogatories, admissions on file, or affidavits asserting material facts — that would be competent summary judgment evidence under Art. 967. They merely rested on the allegations of their pleadings, a showing inadequate to defeat a properly supported motion for summary judgment.
The main thrust of the Walterses’ argument, that Darrel Walters’s signature *976 does not “legally appear” on any of the instruments of debt, is unavailing. When the motion for summary judgment is properly supported, the debtor cannot defeat the motion with a general denial that his signature [7is valid or authorized; he must raise specific facts. Wesla Fed’l Credit Union v. Henderson, 26,984 (La.App. 2 Cir. 5/10/95), 655 So.2d 691; Citibank (South Dakota) NA v. Mayo, supra. We find no specific facts sufficient to defeat Capital One’s motion.
We have also examined the attachments to Darrel Walters’s initial affidavit to see if they set forth any possible issue for trial. These show only that the Walterses pursued debt evasion tactics by sending Capital One a long and at times incomprehensible string of requests for proof of claim. Considering that the Walterses paid over $30,000 on the $50,000 note signed by them, thereby acknowledging the validity of the debt, such requests do not show that the note was invalid or discharged. This argument lacks merit.
Finally, we must correct an assertion made in the Walterses’ rebuttal brief: “The record is void of any attempt by the District Court to remedy the fact that Joy Walters (the main defendant) was not present in court for the summary judgment hearing.” The transcript clearly shows that both Joy and Darrel Walters were present at the hearing and Ms. Walters addressed the court several times. This argument lacks merit.

Conclusion

For the reasons expressed, the summary judgment is affirmed. Costs are to be paid by the defendants, Joy Carleta Ellis Walters and Darrel DeWayne Walters.
AFFIRMED.