LOLLEY, J.
h Sunset Realty, Inc, appeals a judgment by the 4th Judicial District Court, Parish of Ouachita, State of Louisiana. The motion for summary judgment filed by defendant Larry Culp was granted, dismissing all the claims by Sunset Realty. For the following reasons, we affirm the .trial court’s judgment.
Facts
Sunset Realty, Inc., through its chief executive officer Edward Hakim, allegedly entered into an oral contractual agreement with a home builder, Larry Culp, regarding certain immovable property — lots 4 and 6 in the Acadian Trace Subdivision in Ouachita Parish, Louisiana. Sunset Realty filed separate lawsuits for each lot in June 2007, hence the consolidated matters. However, the issues are precisely the same.
Initially, Sunset Realty alleged that it entered into an oral contractual agreement with Culp, who agreed to: .build residences on the lots owned, by Sunset Realty; purchase the lots; and, finally, be responsible for securing a buyer for each house-in that order. Sunset Realty maintained that it advanced money for the cost of construction, including, materials and labor; that is, Sunset Realty financed the construction of the houses on the two lots. Consequently, Sunset Realty retained ownership of the lots during the construction phase of the houses. The lots were sold to Culp only at the end of the process, when he would turn around immediately and sell the lot and house to a third party buyer. There was never a written contract between the parties regarding an agreement as to these lots, and the parties had [¿apparently been through the same process for other lots owned by Sunset Realty.
In June 2010, three years after filing suit, Sunset Realty supplemented its petition and alleged that the original oral agreement involved the construction and purchase of nine lot's/homes, and Culp had submitted invoices resulting in “overcharges” on those additional transactions. Thereafter, in May 2011, Sunset Realty amended its suit again, this time stating that it had obtained an act of assignment from French Acadian Homes LLC, which entity actually fronted the construction costs to Culp. French Acadian Homes was not made a party to. the lawsuit. Essentially, in this second supplemental petition, Sunset Realty admitted that it initially misrepresented the facts of the case — it never paid any construction costs to Culp as originaly stated. Notably, the act of assignment was not executed until June 21, 2010; thus, it was not in existence at the time of the original petitions. Edward Hakim had major interests in both entities, Sunset Realty and French Acadian Homes, and he was Culp’s contact regarding the transactions.
. Culp filed a motion for summary judgment denying the existence of any evidence to support Sunset Realty’s allegations, and alternatively, if the allegations were true, then such a contract for the purchase of an immovable had to. be in writing in order to be binding and enforceable. The trial court granted Culp’s motion for summary judgment dismissing the claims of Sunset Realty, which now appeals.
IsPlSCUSSION

Summary Judgment Standard

A motion for summary judgment is a procedural device used when there is no *258 genuine issue of material fact for all or part of the relief sought by a-litigant. Samaha v. Rau, 2007-1726 (La.02/26/08), 977 So.2d 880. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The mover need'not negate every essential element of the'opponent’s claim, action or defense; he need only point out the absence of factual support for one or more essential elements. La. C.C.P. art. 966(C)(1).[1] If the opponent then fails to produce sufficient support to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact. ‘ La. C.C.P. art. 966(C)(1); Babin v. Winn-Dixie Louisiana, Inc., 2000-0078 (La.06/30/00), 764 So.2d 37; Capital One, NA v. Walters, 47,157 (La.App.2d Cir.06/20/12), 94 So.3d 972. An adverse party may not rest on the mere allegations or denials of his pleading, but'his response, by affidavits or other appropriate summary judgment evidence, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P, art. 967(B); Samaha v. Rau, supra; Brooks v. Transamerica Financial Advisors, 45,833 (La.App.2d Cir.02/02/11), 57 So.3d 1153.
| ¿Appellate review of summary judgment is de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Sensebe v. Canal Indem. Co., 2010-0703 (La.01/28/11), 58 So.3d 441.

Assignments of Error

Sunset Realty raises two assignments of error. First, it argues that the trial court erred in holding that the contract between the parties was simply a contract to buy and sell real estate. Sunset Realty submits that the relationship was more complicated than a simple buy/ sell relationship, because Sunset Realty maintains that the agreement called for Culp to construct houses, secure buyers, and sell the houses while Sunset Realty would supply the- expense of the operation. We disagree. -
Culp maintains that all contracts affecting the rights to immovable property, including the exercise of an agreement to sell/purchase, must be in writing pursuant to La. C.C. art. 2440, which states, in pertinent part, “A sale or promise of sale of an immovable must be made by authentic act or by act under private signature [.]” See also Jones v. Hosp. Corp. of America, 516 So.2d 1175, 1176 (La.App. 2d Cir.1987). Regardless of the appellant’s assertions that the agreements regarding lots 4 and 6 were more complicated than a mere agreement to purchase immovable property, the crux of this litigation is a supposed agreement to purchase immovable property at some future point in time. The facts are clear and undisputed: there was no agreement in writing' and this agreement was made simply on “a handshake.” Although there may be limited situations where' the' parties Lagrée to waive thé requirement of a written contract (for instance, if delivery'has been made), such was not the ’ case here. Hence, as a matter of law, without a written contract, there existed no enforceable contract between Sunset Realty and Culp as to the immovable property at issue-lots 4 and 6 in Acadian Trace Subdivison.
Moreover, Sunset Realty anticipated that any agreement regarding lots 4 *259 and 6 would be reduced to writing when ultimately it would sell the lots to Culp, who would in turn sell the lots and completed homes to third parties. It is well-settled jurisprudence that a binding contract does not exist until the written agreement is confected and signed by the parties. As noted in Breaux Bros. Const. Co. v. Associated Contractors, 226 La. 720, 729, 77 So.2d 17, 20 (1954):
Since the parties in the instant case intended from the beginning to reduce their negotiations to a written contract, neither the plaintiff nor the defendant was bound until the contract was reduced to writing and signed by them. Therefore, even if all of the terms of the alleged contract between plaintiff and defendant had been verbally agreed upon, no valid contract would have existed between the parties [.]
Such was the case here, Hakim agreed in his deposition testimony that the ultimate agreement involved the actual purchase of the lots (and completed houses) by Culp for the.price of the lots plus-the amount expended by Sunset Realty for construction of the house — all to be transacted in a written instrument at the conclusion of the building process. Thus, the initial agreement was not binding, because it anticipated the confection of a later written instrument.
|fiSunset Realty had no written contract with Culp regarding the agreement pertaining to lots 4 and 6. Moreover, it anticipated entering into a written agreement regarding the sale of the lots at the eñd of the process with Culp. There was no'enforceable contract regarding the immovable property at issue; therefore, as a matter of law, summary judgment was proper, and Sunset Realty's assignment of error on this issue is without merit.
In its second assignment of error, Sunset Realty maintains that even if the contract was simply a buy/sell contract and had to be in writing, Culp was still, liable for damages regarding the overcharges allegedly made by him. Sunset Realty alleged in its second supplemental petition that the construction costs were actually paid by another Hakim business entity, French Acadian Homes, LLC, which assigned its claim against Culp to Sunset Realty.
There is no evidence to support Sunset Realty’s allegations of overcharges by Culp. In his deposition, when asked if he was an officer or director of Sunset Realty, Hakim responded, “I think so.” When asked about French Acadian Homes, Hak-im stated, “I’m not sure.” In fact, Hakim was unsure whether French Acadian Homes was the company that actually financed the construction of the- homes, as alleged in the supplemental petition. Additionally, when questioned about the assignment of rights to Sunset Realty, he stated he had no independent recollection of the matter. As to this claim, Sunset Realty failed to produce sufficient support to establish that it will be able to satisfy its evidentiary burden at trial; in fact, 17Sunset Realty failed to produce any support for' its claim. Thus, there is no genuine issue of material fact. See La. C.C.P. art. 966(C). Sunset Realty may not rest on the mere allegations of its pleadings. It had the burden of setting forth specific facts showing that there is a genuine issue for' trial. Sunset Realty utterly failed to meet its burden as to this'issue, and this assignment of error is without merit.
Conclusion
For the foregoing reasons, we affirm the trial court’s judgment granting the motion for summary judgment by Larry Culp dismissing all claims by Sunset Realty, Inc. All costs of this appeal are assessed to Sunset Realty, Inc,
AFFIRMED.
*260 APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, CARAWAY, LOLLEY and PITMAN, JJ.
Rehearing denied.

. This code article has been amended by Acts 2015, No. 422, § 1, eff. January 1, 2016. The substance of the article has not changed, and this proposition of law, after the amendment, is now found in subsection (D) of the same article.